**E-FILED on**   7/7/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KML CORPORATION,<br><br>    Defendant. | No. C-06-01535 RMW<br><br>ORDER DENYING KML'S APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br><br>**[Re Docket Nos. 7-10, 12-18]** |

Defendant KML Corporation applies for orders allowing it to attach property of plaintiff B&O Manufacturing, Inc. For the reasons set forth below, the court denies the application.

### I. BACKGROUND

KML makes laminated boards. B&O builds shelving, and, prior to this lawsuit, used KML boards to do so. Kohl's Department Stores was a major customer of B&O.

On February 28, 2006, B&O initiated this action against KML, alleging that KML's breach of contract caused B&O to lose Kohl's as a customer. KML counterclaimed for the unpaid balance on boards it had shipped to B&O. KML now seeks to attach property of B&O to cover KML's alleged damages.

ORDER DENYING KML'S APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT—No. C-06-01535 RMW
JAH

## II. ANALYSIS

KML claims that California Code of Civil Procedure § 485.220 governs its application. Mem. Supp. (dkt. # 8) at 2. While KML generally has the standard correct, the governing code section is actually § 484.090(a), which requires a court to find all of the following before granting an application:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

*Cf*. § 485.220(5) (requiring finding that "[t]he plaintiff will suffer great or irreparable injury" before granting *ex parte* application). "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." § 481.190.

Given the scant and conflicting evidence about why the relationship between KML and B&O soured, *compare* Richardson Decl. *with* Calleja Decl., KML's claims do not at this time appear to have "probable validity" within the meaning of California Code of Civil Procedure § 481.190. KML's application is therefore denied

## III. ORDER

For the foregoing reasons, the court denies KML's application for right to attach order and order for issuance of writ of attachment.

DATED: 7/7/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING KML'S APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT—No. C-06-01535 RMW
JAH         2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Paul E. Rice price@rutan.com

**Counsel for Defendants:**

Peter C. Califano pcc@cwclaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/7/06                                      /s/ JH
                                                              **Chambers of Judge Whyte**

ORDER DENYING KML'S APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT—No. C-06-01535 RMW
JAH                                                                   3